UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.18-23298-CIV-UNGARO/O'SULLIVAN

BANK OF AMERICA, N.A.,

Plaintiff,

v.

VEGAS DENTAL CORP. and SERGIO A. VEGA,

Defendants.

_________________________________/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court on the Motion for Entry of Final Judgment of Garnishment (DE# 51, 8/28/19). This case was referred to the undersigned pursuant to 28 U.S.C. § 636. See Order (DE# 52, 9/6/19). Having carefully considered the applicable filings and the law, the undersigned respectfully RECOMMENDS that the Motion for Entry of Final Judgment of Garnishment (DE# 51, 8/28/19) be **GRANTED**.

## INTRODUCTION

On November 20, 2018, this Court entered a final default judgment in favor of Bank of America, N.A. (hereinafter "plaintiff") and against Vegas Dental Corp. and Sergio A. Vega (collectively, "defendants") in the amount of $254,146.33. See Final Default Judgment (DE# 34, 11/20/18).

On July 15, 2019, the plaintiff filed a motion for writ of garnishment directed to Wells Fargo Bank, N.A. (hereinafter "Wells Fargo"). See Motion for Issuance of Writ of Garnishment to Wells Fargo Bank, N.A. (DE# 39, 7/15/19). The following day, the Clerk

of the Court issued the writ of garnishment. See Writ of Garnishment (DE# 41, 7/16/19).

On July 27, 2019, the plaintiff filed a certificate of service indicating that it had sent to the defendants copies of the writ of garnishment (DE# 41), the notice to defendant of right against garnishment of wages, money and other property and claim of exemption and request for hearing and a copy of Local Rule 7069-1.[1] See Corrected Certificate of Service (DE# 44, 7/26/19).

On July 26, 2019 and July 30, 2019, defendant Vegas Dental Corporation filed documents entitled "Answer to Complaint" (DE# 45) and "No Answer from Bank of America" (DE# 46) indicating that the corporation needed the money to pay business expenses, that the corporation had offered to repay the loan in monthly installments of $300 and that the corporation was in the process of obtaining a lawyer. On August 28, 2019, the plaintiff moved to strike docket entries 45 and 46 because the corporation was not represented by counsel. See Motion to Strike Filing by Vegas Dental Corp (D.E. 45, 46) and Memorandum of Law in Support Thereof (DE# 50, 8/28/19). On September 10, 2019, the Court granted the plaintiff's motion and struck docket entries 45 and 46 because they were not filed by counsel. See Order (DE# 54, 9/10/19).

In the interim, on August 1, 2019, Wells Fargo filed an answer to the writ of garnishment indicating that it held $9,105.99 in an account in the name of "Vegas Dental Corp." Answer of Garnishee and Demand for Garnishment Fee (DE# 47,8/1/19). On the same day, the plaintiff notified the defendants of the garnishee's answer. See Notice of Answer to Writ of Garnishment (DE# 48, 8/1/19).

---

[1] Local Rule 7069-1 is a bankruptcy court rule.

On August 28, 2019, the plaintiff filed the instant Motion for Entry of Final Judgment of Garnishment (DE# 51, 8/28/19) (hereinafter "Motion"). On September 6, 2019, the undersigned issued an Order requiring the defendants to file a response to the Motion by September 27, 2019. See Order (DE# 53, 9/6/19). The Order advised the defendants that "the response filed on behalf of defendant Vegas Dental Corp. must be filed by an attorney because Vegas Dental Corp. is a corporation and cannot proceed pro se." Id. at 1 (citing Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985). The Order further warned the defendants that "**the failure to file a response on or before Friday, September 27, 2019 will result in a Recommendation that the Court enter a final judgment of garnishment against the non-responding defendant(s)**." Id. at 1-2 (emphasis in original; citing S.D. Fla. L.R. 7.1(c)) .

As of the date of this Report and Recommendation, no response to the instant Motion has been received and no attorney has entered an appearance on behalf of the corporate defendant.

## ANALYSIS

Rule 7.1(c) of the Local Rules of this Court provides, in pertinent part, that:

> For all motions, except motions served with the summons and complaint, each party opposing a motion shall serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. **Failure to do so may be deemed sufficient cause for granting the motion by default.**

S.D. Fla. L.R. 7.1 (c) (emphasis added). As of the date of this Report and Recommendation, the defendants have not filed a response to the instant motion and no attorney has entered an appearance on behalf of the corporate defendant. Thus, the

Court should grant the instant Motion by default as permitted by Local Rule 7.1(c).

Alternatively, the Court should grant the instant Motion on the merits. Florida procedure in aid of execution governs this case. See Fed. R. Civ. P. 69. Chapter 77 of the Florida Statutes sets forth the procedure for the issuance and enforcement of writs of garnishment. Florida law requires garnishment statutes to be strictly construed. Gigliotti Contracting North, Inc. v. Traffic Control Products of North Florida, Inc., 788 So. 2d 1013, 1016 (Fla. 2d DCA 2001).

To obtain a writ of garnishment after judgment, the plaintiff is required to file a motion stating the amount of the judgment. Fla. Stat. § 77.03. The plaintiff satisfied this requirement in its Motion for Issuance of Writ of Garnishment to Wells Fargo Bank, N.A. (DE# 39, 7/15/19).

After the writ of garnishment is issued, chapter 77 requires the plaintiff to provide notice to the defendants of the garnishment proceeding:

> a Florida judgment creditor is required to send the judgment debtor two garnishment-related notices. First, the creditor must notify the debtor that if an exemption from garnishment applies, he "must complete a form for claim of exemption and request for hearing"—and, in particular, the debtor "must" do so within 20 days after receipt of the notice or he "may lose important rights." Fla. Stat. § 77.041 (emphasis added). Second, the creditor must notify the debtor that he "must move to dissolve the writ of garnishment within 20 days" after the date on the certificate of service. Fla. Stat. § 77.055 (emphasis added).

Branch Banking & Tr. Co. v. Carrerou, 730 F. App'x 869, 870 (11th Cir. 2018).

The plaintiff argues that it "sent the requisite notices to the Defendants pursuant to Fla. Stat. §§ 77.041 and 77.055." Motion at 2. As noted above, on July 27, 2019, the plaintiff filed a certificate of service indicating that it had sent to the defendants by First Class U.S. mail copies of the writ of garnishment (DE# 41), the "Notice to Defendant of

Right Against Garnishment of Wages, Money and other Property and Claim of Exemption and Request for Hearing" and a copy of Local Rule 7069-1. See Corrected Certificate of Service (DE# 44, 7/26/19).

For the reasons discussed herein, the undersigned concludes that the plaintiff did not comply with the statutory notice requirement of section 77.041(1), with respect to the individual defendant. The "Notice to Defendant" appears to have been obtained by the plaintiff from the United States Bankruptcy Court Southern District of Florida's website. While some of the language in the bankruptcy court's notice is the same, it is not identical to the notice included in section 77.041(1). Moreover, the inclusion of the bankruptcy court's Notice to Defendant may lead a judgment debtor to erroneously believe that he or she must file their claim of exemption with the bankruptcy court. By using the bankruptcy court's Notice to Defendant, instead of the notice provided by the statute, the plaintiff added confusion to the garnishment proceedings and failed to comply with section 77.041(1). See Gigliotti Contracting North, Inc., 788 So. 2d at 1016 (stating that garnishment statutes must be strictly construed).

Nonetheless, section 77.041(1) requires the Notice to Defendant to be served with the writ on individual defendants only. See Fla. Stat. § 77.041(1) (stating that "**if the defendant is an individual**, the clerk of the court shall attach to the writ the following 'Notice to Defendant'") (emphasis added). The plaintiff seeks a final judgment of garnishment for assets in the Wells Fargo bank account in the name of the corporate defendant. Because the plaintiff was not required to provide a "notice to defendant" to the corporate defendant, the plaintiff has complied with section 77.041(1) as it applies

to the corporate defendant/ judgment debtor and its bank account.

Section 77.041(2) requires that the plaintiff:

> mail, by first class, a copy of the writ of garnishment, a copy of the motion for writ of garnishment, and, if the defendant is an individual, the "Notice to Defendant" to the defendant's last known address **within 5 business days after the writ is issued or 3 business days after the writ is served on the garnishee**, whichever is later.

(emphasis added). According to the plaintiff's Corrected Certificate of Service (DE# 44, 7/26/19), it mailed to the defendants copies of the writ of garnishment, the motion for writ of garnishment and the Notice to Defendant on Friday, July 26, 2019. The writ of garnishment was issued on Tuesday, July 16, 2019. Therefore, the plaintiff did not mail the writ to the defendants "within 5 business days after the writ" was issued as required by section 77.041(2).[2] Although the plaintiff failed to comply with the five-business-day notice requirement of section 77.041(2), the Court should nonetheless grant the instant motion because the defendants did not raise the untimely notice as an objection and the additional three days did not prejudice the defendant.

In Giron v. Loving Care Ret. Servs., Inc., this Court found that the time requirement in 77.041(2) could be waived:

> Under Florida law, . . . a non-jurisdictional statutory notice requirement may be waived by the defendant's failure to raise lack of notice as a defense. See Ingersoll v. Hoffman, 589 So.2d 223, 224 (Fla. 1991). . . . In this case, [the judgment debotr] did not raise [the judgment creditor]'s failure to strictly comply with the statutory notice requirement. **Because the notice requirement in § 77.041(2) is not jurisdictional and [the judgment debtor] was not prejudiced by receiving notice of the writ one day after the deadline, I find that [the judgment debtor] waived**

[2] The plaintiff does not state when it served the writ on Wells Fargo, therefore the undersigned cannot determine whether the plaintiff complied with the three-business-day requirement of 77.041(2).

> **this defense and that it should not be raise sua sponte by the court.**

No. 07-23309-CIV, 2009 WL 10712145 at 1 (S.D. Fla. Sept. 15, 2009) (emphasis added). Similarly here, the defendants did not raise timeliness as an objection and there was no prejudice.

Section 77.055 sets forth the second notice requirement once the garnishee has filed its answer. Section 77.055 provides, in pertinent part:

> Within 5 days after service of the garnishee's answer on the plaintiff or after the time period for the garnishee's answer has expired, the plaintiff shall serve, by mail, the following documents: a copy of the garnishee's answer, and a notice advising the recipient that he or she must move to dissolve the writ of garnishment within 20 days after the date indicated on the certificate of service in the notice if any allegation in the plaintiff's motion for writ of garnishment is untrue. The plaintiff shall serve these documents on the defendant at the defendant's last known address and any other address disclosed by the garnishee's answer and on any other person disclosed in the garnishee's answer to have any ownership interest in the deposit, account, or property controlled by the garnishee. The plaintiff shall file in the proceeding a certificate of such service.

Fla. Stat. § 77.055.

On August 1, 2019, Wells Fargo Bank filed its answer to the writ of garnishment. See Answer of Garnishee and Demand for Garnishment Fee (DE# 47, 8/1/19). On the same day, the plaintiff sent to the defendants a copy of the garnishee's answer. See Notice of Answer to Writ of Garnishment (DE# 48, 8/1/19). The notice advised the defendants that they "must move to dissolve the writ of garnishment within 20 days of the date indicated on the Certificate of Service herein if any allegation in Bank of America, N.A.'s Motion for Writ of Garnishment, previously served upon you, is untrue." Id. The plaintiff complied with the notice requirements of section 77.055.

The defendants did not move to dissolve the writ of garnishment and did not

request a hearing within 20 days of receiving the notice of garnishment. Fla. Stat. § 77.07(2). Moreover, the Court has stricken the corporate defendant's documents entitled "Answer to Complaint" (DE# 45) and "No Answer from Bank of America" (DE# 46). See Order (DE# 54, 9/10/19).[3]

"'[W]hen the writ of garnishment is served, the plaintiff takes the place of the defendant and becomes substituted for him in the action against the garnishee. The effect of the garnishment is to make the garnishee the trustee of the funds of the defendant.'" In re Masvidal, 10 F. 3d 761, 763 (11th Cir. 1993) (quoting Reaves v. Domestic Finance Co., 152 So. 718, 720 (Fla. 1934)). Sub-section 77.061(1) "makes [the] garnishee liable for all debts due by him to the defendant and for any tangible or intangible personal property of the defendant in his possession or control at the time of the service of the writ or at anytime between the service and the time of his answer." Fla. Stat. § 77.061(1). Pursuant to Section 77.083, "[j]udgment against the garnishee on the garnishee's answer ... shall be entered for the amount of his or her liability as disclosed by the answer ...." Fla. Stat. §77.083.

Having satisfied the requirements of Chapter 77 of the Florida Statutes, the plaintiff is entitled to judgment against the garnishee, Wells Fargo, in the total amount of $9,105.99.

Well Fargo Bank's demand for statutory attorney's fees should be granted. The plaintiff states in the instant motion that "[c]ontemporaneously herewith, the undersigned counsel is sending a check in the amount of $100.00 to Garnishee's counsel pursuant to

---

[3] Even if the Court had not stricken these documents, they do not raise any defenses to the garnishment proceeding or exemptions.

Fla. Stat. § 77.28, Administrative Order 2014-86 and Local Rule 67.1(c)." Motion at 3. Counsel for the plaintiff should be required to promptly file a notice with the Court confirming payment of the $100.00 statutory fee to Wells Fargo Bank, N.A.

**RECOMMENDATION**

In accordance with the foregoing Report and Recommendation, the undersigned respectfully RECOMMENDS that:

1. the Motion for Entry of Final Judgment of Garnishment (DE# 51, 8/28/19) be **GRANTED**

2. a judgment be entered against the garnishee in favor of the plaintiff in the amount of **$9,105.99** and

3. the plaintiff be required to promptly file a notice with the Court affirming that it has paid the $100.00 statutory fee to Wells Fargo Bank, N.A.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Ursula Ungaro, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (1989);

11th Cir. R. 3-1 (2016).

RESPECTFULLY SUBMITTED at the United States District Court in Miami, Florida, this 14 day of November, 2019.

JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies mailed by Chambers to:

Vegas Dental Corp
c/o Dr. Sergio A. Vega
15802 N.W. 57th Avenue
Miami Lakes, FL 33014

Sergio A. Vega
14000 Lake Success Place
Miami Lakes, FL 33014